**Order entered March 20, 2015**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00237-CV

## JAY SANDON COOPER AND TERESA WARD COOPER, Appellants

## V.

## THE STATE OF TEXAS, ET AL., Appellees

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00043-2014**

## ORDER

This is an appeal from the trial court's January 21, 2015 order of dismissal. Appellants electronically transmitted their notice of appeal and an affidavit of indigence on February 20, 2015 to the Collin County District Clerk (CCDC), but the CCDC returned the documents because they did not contain a complete signature block as required by Texas Rules of Civil Procedure 21(f)(2) and 57. Appellants resubmitted the documents on February 25, 2015, and the CCDC accepted them for filing. On March 2, 2015, the CCDC timely filed a contest to appellants' affidavit of indigence. A hearing on the contest was scheduled on March 18, 2015, but the hearing was not held because appellants "challenged the timing of the hearing." In a motion filed March 4, 2015, appellants request the Court determine the date the notice of appeal and affidavit of indigence were filed and request, if necessary, an extension of time to file the documents. In a motion filed March 18, 2015, the CCDC requests the Court suspend the

operation of rule 20.1, requiring the trial court to conduct a hearing on a contest to an indigence affidavit within ten days of the filing of the contest, and allow the trial court to hear the contest despite being outside the ten-day deadline.

To the extent appellants request we determine the date the notice of appeal and affidavit were filed, we **GRANT** the motion and deem the documents filed February 20, 2015, the date the documents were transmitted to the electronic filing service provider. *See* TEX. R. CIV. P. 21(f)(5), (11). Because the documents were filed within thirty days from the date of the judgment, they are timely and an extension motion is unnecessary. *See* TEX. R. APP. P. 26.1. Accordingly, we **DENY** as moot appellant's extension request. We further **DENY** the CCDC's request to suspend the operation of rule 20.1. Although rule 20.1(i) requires the trial court to conduct a hearing on any contest filed in the trial court within ten days of the filing of the contest, it also allows the trial court to extend the deadline provided the order extending the deadline is signed within ten days of the filing of the contest. *See id.* 20.1(i)(2), (3). Nothing in the CCDC's motion, however, reflects the trial court refused to extend the deadline or that the CCDC even attempted to secure an extension.

Because the trial court did not timely conduct a hearing, sign an order extending the time to conduct a hearing, or sign an order sustaining the contest, the allegations in appellants' affidavit are deemed true and appellants are allowed to proceed without advance payment of costs. *See id.* 20.1(i)(4). We **ORDER** the appellate record be filed no later than April 23, 2015.

We **DIRECT** the Clerk of the Court to transmit a copy of this order to Collin County District Clerk Andrea Stroh Thompson, court reporter Tammy K. Landers, and court reporter Susan Maienschein.

/s/  CRAIG STODDART
    JUSTICE